be construed, expressly limited the opening to the space within five feet of the building line.  The opening beyond that distance was therefore unauthorized, and constituted a nuisance per se, and no lapse of time will deprive the public of their right to have an encroachment on a highway which does not extend to the full width and entirely cut off travel removed and the highway restored.  Driggs v. Phillips, 103 N. Y. 83, 8 N. E. 514; St. Vincent's Orphan Asylum v. City of Troy, 76 N. Y. 113, 32 Am. Rep. 286; City of Buffalo v. D., L. & W., supra. As it has not been shown that the city at any time possessed authority to permit such an encroachment upon the public street, it may not be inferred by lapse of time that a permit therefor was issued, and, if issued, it would be void.  Ackerman v. True, 175 N. Y. 351, 67 N. E. 629.  Although the right of the city seems clear to have this nuisance abated and the sidewalk restored for public travel, yet the propriety of the city's resorting to equity, instead of summarily abating the nuisance, is emphasized by the fact that shops have been constructed and are in use in the street, under the sidewalk, and opening into this areaway; and the city, if it proceeded summarily, would not only have taken the risk of deciding that the open areaway and obstructions constituted a public nuisance, but it would be under obligation to avoid injury to and care for the private property found in the stores, and might injure some of the occupants.

It follows that the judgment should be affirmed, with costs.  All concur.

(120 App. Div. 406)

In re WASHBURN.

In re RICHARDSON'S WILL.

(Supreme Court, Appellate Division, First Department.  June 28, 1907.)

MOTIONS—ORDER—SETTLEMENT AND RESETTLEMENT.

Where, in resettling an order appealed from, certain affidavits used in the proceedings and ordered to be recited therein by a ruling of the court were omitted, the order will be reversed, and remitted for resettlement in conformity with the facts.

Appeal from Order of Surrogate, New York County.

Application for the revocation of letters testamentary issued to William Washburn and another, as executors of the will of Benjamin Richardson.  From an order denying a motion to resettle an order entered in the surrogate's office, Washburn appeals, individually and as surviving executor and trustee under the will.  Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAMBERT, and HOUGHTON, JJ.

Robert C. McCormick, for appellant.
George H. Mallory, for respondent.

HOUGHTON, J.  Proceedings were begun in the Surrogate's Court in 1904 by Viola J. M. Karan, to revoke letters testamentary theretofore issued to Emma Richardson and William T. Washburn, as executors of the last will and testament of Benjamin Richardson,

deceased, and for their removal as trustees under the will of said deceased, which resulted in an order, dated the 9th day of July, 1906, denying such relief. A large number of affidavits were submitted to the surrogate by each party. A similar proceeding had been instituted in 1894, and had been discontinued by mutual stipulations. The petitioner submitted on the last application numerous affidavits which she had used on the former proceeding, without serving copies and without giving notice of intention to use them, and objection was made on that ground. The executors had on the first application submitted a large number of answering affidavits.

Although the surrogate rendered this decision on the present application in May, 1905, the order was not settled until July of the following year, and as finally entered it recited the affidavits used in the proceeding of 1894 accusing the executors of misconduct, but none of the affidavits then used to explain their conduct. An appeal having been taken to this court from the order of July 9, 1906, by the petitioner, the executors moved to resettle the order appealed from by striking out the recitals respecting the hostile affidavits, unless the exculpating affidavits in behalf of the executors were also recited and printed in the appeal book. On that motion the learned surrogate wrote a memorandum decision in which he said:

"I clearly remember that my attention was called to the fact that the averments contained in these affidavits relating to the misconduct charged against the executors had been denied or explained in other affidavits also submitted to Surrogate Arnold on that application and in the records of the testimony taken before the referee prior to the time of the application. I am therefore of the opinion that the affidavits used in hostility to the executors should not have been recited in the present order, without also reciting affidavits used in the former application in denial. Unless the attorney representing the appellant in that order will, within three days from the publication of this memorandum, consent in writing to a recital in the order of the affidavits used in the 1894 proceeding to remove the executors in contradiction to the affidavits already recited, the order will be resettled by striking therefrom all the affidavits used upon that application submitted by him."

The attorney for the appellant endeavored to comply with this requirement, and stipulated to insert 10 affidavits so used. It is alleged that these affidavits were the least important, and that there were numerous others containing much more satisfactory explanation used on the former proceeding, which, however, could not be found. On March 11, 1907, an order was entered resettling the former order, reciting these 10 affidavits only, from which the executors have appealed, as well as from the order denying a subsequent motion to resettle, entered May 10, 1907.

The result of the various motions is that all of the incriminating affidavits used against the executors in the proceedings of 1894 were recited in the order, and hence form a part of the record, and none of the explanatory affidavits, except the unimportant 10 which the attorney for the petitioner stipulated might be inserted. It would seem that there has been some oversight in resettling the order, and that it has not been resettled in conformity with the memorandum of the surrogate above quoted. Of course, this court will not interfere with the settlement of an order appealed from, unless it clearly appears

that some paper actually used has been omitted from the recital, or that some paper not used has been included in the recitals. Whether it was necessary to again serve the affidavits used on the former proceeding, to entitle them to be used on the present proceeding or not, or give notice of intention so to use them, if, as the surrogate in his memorandum says was the fact, the explanatory affidavits were also submitted on the last proceeding, then the latter should be recited in the order in full, or the former should be expunged. Such was the ruling of the surrogate, which, by oversight, does not seem to have been carried into effect.

The situation, in view of the inability to find the papers, is exceedingly complicated, and we think the order should be reversed, and remitted to the surrogate for resettlement in conformity with the facts, with $10 costs and disbursements of the appeal to appellants, payable out of the estate. All concur.

---

(120 App. Div. 409)

## In re WASHBURN.

## In re RICHARDSON'S WILL.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

Appeal from Order of Surrogate, New York County.

Robert C. McCormick, for appellant.
George H. Mallory, for respondent.

Order reversed, and matter remitted to the surrogate, with $10 costs and disbursements to appellant, payable out of the estate.